Kenneth A. Bryant, State Bar No. 32081
Michael P. Bryant, State Bar No. 173440
Bryant & Bryant, Attorneys at Law
505 North Tustin Avenue, Suite 104
Santa Ana, California 92705
(714) 558-7887
Fax (714) 542-4989

Attorneys for Defendant BINIT CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOSEPH SANCHEZ, an individual,

    Plaintiff,

vs.

ARCO #42770, a business of unknown form; HOOSHANG DALAVARIAN AND FERESHTEH DALAVARIAN, as trustees of the HOOSHANG AND FERESHTEH DALAVARIAN FAMILY TRUST (CREATED BY DECLARATION OF TRUST DATED NOVEMBER 15, 1996) as their community property; and Does 1-10, inclusive,

    Defendants.

CASE NO. 8:19-CV-00108-JVS-JDE

**ANSWER TO UNVERIFIED COMPLAINT**

    Defendant BIPIN CORPORATION, answers the Complaint for damages and injunctive relief filed by Plaintiff JOSEPH SANCHEZ ("Plaintiff") as set forth herein:

///

///

## ANSWER TO UNVERIFIED COMPLAINT

### Parties

1. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 1 through 7 of the Complaint and on this basis denies all of the allegations contained in said paragraphs.

### Jurisdiction and Venue

2. Defendant admits paragraph 8 that this Court has subject matter jurisdiction over the claims stated in the Complaint.

3. Defendant admits paragraph 9 that the Complaint purports to state a cause of action under the authorities it cites and alleges pendant jurisdiction.

4. Defendant admits paragraph 10 that venue is proper for this Court.

### General Allegations

5. Defendant lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in paragraphs 11 through 27 inclusive of the Complaint and therefore denies all of said allegations.

### First Cause of Action

6. Defendant hereby realleges and incorporates by reference all paragraphs above as though set forth verbatim here.

7. Defendant lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in paragraphs 28 through 33 inclusive of the Complaint and therefore denies all of said allegations.

### Second Cause of Action

8. Defendant hereby realleges and incorporates by reference all paragraphs above as though set forth verbatim here.

9. Defendant has no knowledge or information sufficient to admit or deny the allegations contained in paragraphs 34 through 37 inclusive of the Complaint and therefore denies all of said allegations.

**Relief Requested**

10. To the extent a response is necessary to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the judgment or relief requested in the Complaint, or to any judgment or relief whatsoever.

**General Denial**

11. Defendant denies any and all allegations of the Complaint not explicitly referenced above. Defendant denies that Plaintiff has suffered any damages, that Defendant caused any damages Plaintiff may have suffered, and the Defendant is in any manner liable to Plaintiff for any of the relief requested or for any other relief.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

12. The Plaintiff fails to state any cause of action against this answering defendant in any of its purported counts.

**SECOND AFFIRMATIVE DEFENSE**

**(No Liability Re Disabilities Acts)**

13. By reason of (a) the older construction of the building and the inside facilities including the bar and other facilities, constructed prior to the Americans With Disabilities Act of 1990; and prior to the Unruh Civil Rights Act; all of the physical alterations which may be necessary to comply with the Disabilities acts are **NOT READILY ACHIEVABLE**; and therefore Defendant should not be liable; and is not liable for any damages for purported violations of said Disabilities Acts.

**THIRD AFFIRMATIVE DEFENSE**

**(No Liability Re Disabilities Acts)**

14. Defendant refers to and incorporates herein by reference the First and Second Affirmative Defenses as though set forth in full herein.

15. The Defendant has not violated the ADA Act 0f 1990 or the Unruh Civil Rights Act in that the said Defendant was not aware of any violations and the Defendant premises and inside facilities were constructed according to the then-existing building

codes and laws; and the said Defendant has corrected or expect to correct all alleged violations within Sixty (60) days of service of the Complaint (on or about June 10, 2019); also, the reconstruction or modifications by Defendant is **NOT READILY ACHIEVABLE**; and thus not required under the law [ADA Act of 1990 and Civil Code §51(d)].

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel-High Frequency Litigant)

16. Defendant refers to and incorporates herein by reference the First, Second and Third Affirmative Defenses as though set forth in full herein.

17. Defendant is informed and believes that the Plaintiff, in this case, is a "High Frequency Litigant" as defined in CCP §425.55; and

18. Defendant, per Civil Code §55.54, should be entitled to a stay of this lawsuit and an early evaluation conference; and that Defendant's minimum liability, if any, should be reduced to $1,000 since any violation alleged against Defendant has been corrected or will be corrected within Sixty (60) days of service of the Complaint.

19. Defendant alleges, upon information and belief, that by reason of the above stated law and facts and the Plaintiff's own acts and omissions, the Plaintiff is estopped to assert any claim or cause of action against these answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

20. Defendant refers to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

21. By reason of the foregoing facts, the Plaintiff has waived any claim or cause of action he might have against this answering Defendants.

///
///

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts, Omissions and Negligence)

22. Defendant refers to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

23. Defendants ar informed and believes and thereon alleges that the transaction, occurrence, dispute, incident and purported damages alleged in the Complaint occurred and were proximately caused by the sole acts, omissions and negligence of the plaintiff and its agents and employees.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acts, Omissions and Negligence of Third Parties)

24. Defendants refer to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

25. Defendants are informed and believes and thereon alleges that the transaction, occurrence, incident, dispute and purported damages were proximately caused by the negligence, acts or omissions of third parties; and that these answering Defendants are in no way responsible for or liable to Plaintiff for any such acts, omissions or damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Proportionate Negligence and Contribution)

26. Defendants refers to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

27. Defendants are informed and believe and thereon allege that if they, for any reason, should be found in any manner legally responsible for a portion of Plaintiff's damages, then such damages were proximately caused or contributed to by other parties to this action, including the Plaintiff or other persons or entities which are not presently parties to this action; and it is necessary that the proportionate degree of fault or negligence of each and every person or entity, whether made parties to this action or not, be determined and pro rated; and that any judgment that might be entered against these

answering Defendants be reduced by that degree of fault found to exist as to said other persons and entities, including the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

28. Defendant refers to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

29. Defendants are informed and believe and thereon alleges that the Plaintiff's claims for damages and/or relief are barred on the equitable ground of laches, as Plaintiff has unreasonably delayed in bringing this action, which delay has been to the detriment of the defendant.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

30. Defendants refer to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

31. Defendants are informed and believe and thereon alleges that the Plaintiff has precluded from any recovery or relief as against this answering Defendants on the ground that Plaintiff is guilty of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

32. Defendants refer to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

21. Defendants are informed and believe and thereon alleges that the Plaintiff has failed to mitigate its damages, if any, and as a result thereof, the damages of Plaintiff, if any, should be reduced by the omissions and/or negligence of the plaintiff in failing to mitigate said damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (Bad Faith and Meritless Action)

34. Defendants refer to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

37. Defendants are informed and believes and thereon alleges that the fraud claims for relief asserted by the Plaintiff herein are now, have always been, and continue to be frivolous, meritless, groundless, and brought by Plaintiff in bad faith; and that by reason thereof, Defendants sre entitled to sanctions upon prevailing on this fraud count, pursuant to C.C.P. §128.5, §128.6 and §128.7.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

36. Defendant refers to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses.

37. Plaintiff's claim for exemplary and punitive damages, if any, are barred because Plaintiff has failed to plead, and cannot prove, any despicable conduct by this answering Defendant; or any other conduct evidencing any malice, fraud or oppression.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

38. Defendants refer to and incorporates herein by reference all of the allegations contained in his prior Affirmative Defenses

39. Defendants are informed and believe and thereon alleges that Plaintiff assumed the risks in taking the actions alleged in its Complaint; and that Plaintiff had knowledge of the risks and hazards associated with the matters set forth in the Complaint, and was held to constructive notice of the said risks and hazards; and therefore knowingly and willingly assumed those risks and subjected itself to the losses as alleged in the Complaint. Therefore, Plaintiff cannot now claim any cause of action or damages against this answering defendant.

**WHEREFORE,** Defendant pray for judgment as follows:

1. That plaintiff take nothing by way of its Complaint on file herein;
2. For costs of suit incurred herein;
3. For reasonable attorneys' fees in the defense of this action;

4. For sanctions against plaintiff pursuant to C.C.P. §128.5, §128.6 and §128.7 as to the fraud cause of action;

5. For such other and further relief as the Court deems just and proper in the premises.

Dated: July /5 , 2019            BRYANT & BRYANT

By: *Kenneth A. Bryant*
Kenneth A. Bryant, Attorneys for
Defendant BINIT CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Bryant & Bryant, 505 North Tustin Ave., Suite 104, Santa Ana, California 92705.

On July _15_, 2019, I served the foregoing document described as

## ANSWER TO UNVERIFIED COMPLAINT

by placing copies thereof enclosed in sealed envelopes addressed at follows:

| McFarlin, LLP<br>Jarred Y. Nakano, Esq.<br>4 Park Plaza, Ste. 1025<br>Irvine, CA 92614 | |
|---|---|
| | |

[X]  BY U. S. MAIL, postage prepaid: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date is more than one day after date of deposit for mailing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July _15_, 2019, at Santa Ana, California.

_Holly Elliott_
Holly Elliott

1