Kenneth A. Bryant, State Bar No. 32081
Michael P. Bryant, State Bar No. 173440
Bryant & Bryant, Attorneys at Law
505 North Tustin Avenue, Suite 104
Santa Ana, California 92705
(714) 558-7887
Fax (714) 542-4989

Attorneys for Cross-Complainant
BINIT CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SANCHEZ, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>ARCO #42770, a business of unknown form; HOOSHANG DALAVARIAN AND FERESHTEH DALAVARIAN, as trustees of the HOOSHANG AND FERESHTEH DALAVARIAN FAMILY TRUST (CREATED BY DECLARATION OF TRUST DATED NOVEMBER 15, 1996) as their community property; and Does 1-10, inclusive,<br><br>        Defendants.<br><br>_____<br><br>BINIT CORPORATION,<br><br>        Cross-Complainant,<br><br>vs.<br><br>JOSEPH SANCHEZ; and ROES 1-10, Inclusive,<br>        Cross-Defendants. | CASE NO. 8:19-CV-00108-JVS-JDE<br><br>**CROSS-COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE INDEMNITY**<br>(Per C.C.P. §472 |

CROSS-COMPLAINT

1

Cross-Complainant, BINIT CORPORATION, alleges as follows:

1. Cross-complainant is an individual and at all times herein mentioned was a resident of the County of Orange, State of California.

2. Cross-complainant is informed and believes and thereon alleges that cross-defendant JOSEPH SANCHEZ is a resident of the State of California and disabled, as alleged in his Complaint.

3. Cross-complaint is ignorant of the true names and capacities of these Cross-Defendants sued herein as ROES 1 through 10, inclusive; and therefore sues these Cross-Defendants by such fictitious names. Cross-Complainant will amend this Cross-Complaint to allege their true names and capacities when ascertained.

## FIRST CAUSE OF ACTION
## (Declaratory Relief – No Violation of Unruh Act or Americans with Disabilities Act)

4. Cross-Complainant refers to and incorporates herein by reference paragraphs 1 through 3 as though set forth in full herein.

5. Cross-complainant is informed and believes and thereon alleges that by reason of (a) the older construction of the building and the other facilities, constructed prior to the Americans With Disabilities Act of 1990 and the Unruh Civil Rights Act, all the physical alterations which may be necessary to comply with these laws are **NOT READILY ACHIEVABLE**; and therefore Cross-Complainant should not be liable; and is not liable for any damages for purported violations of said Disabilities Acts; (b) Cross-Defendant is a "High Frequency Litigant" as defined in CCP §425.55 and that Cross-Complainant's maximum liability, if any, should be $1,000 per Civil Code §55.54.

6. Cross-complainant is informed and believes and thereon alleges that the Cross-Complainants have not violated the Unruh Civil Rights Act or the Americans with Disabilities Act in that the structure of Defendants' premises and other facilities, which were constructed according to the then-existing building codes and laws, were not constructed so that Plaintiff, who allegedly is in a wheelchair would have equal access and use of said premises and facilities, and reconstruction or modifications by Defendants

is **NOT READILY ACHIEVABLE**; and is not required under the law [Civil Code §51(d)].

7. An actual controversy has arisen and now exists between Cross-Complainant and the Cross-Defendants, and each of them, in that Cross-Complainant contends upon information and belief that he is not liable to Plaintiff for damages and is not in violation of the Unruh Civil Rights Act or the Americans with Disabilities Act by reason of the facts herein alleged and that Plaintiff's maximum recovery should be $1,000, if any, per Civil Code §55.54 and CCP §425.55; whereas the Cross-Defendant, upon information and belief, denies all of Cross-Complainant's assertions and contentions.

8. Cross-complainant desires a judicial determination of the respective rights and duties of Cross-Complainant and the Cross-Defendants, and each of them, with respect to the issues of whether the Cross-Complainant and is in violation of the said Disabilities Acts; and whether Cross-Complainant is liable for the damages claimed in the Complaint of the Plaintiff herein.

9. Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain his rights and duties with respect to the Cross-Complainant's and Plaintiff's claims contained in the pleadings; and determination of both in one proceeding is necessary and appropriate in order to avoid a multiplicity of actions that would result if Cross-Complainant is required to now defend against the claim of Plaintiff and then later defend a similar action or bring a separate action against the Cross-Defendants, and each of them, for indemnity.

## SECOND CAUSE OF ACTION
### (Equitable/Contractual Indemnity)

10. Cross-Complainant refers to and incorporates herein by reference paragraphs 1 through 9 as though set forth in full herein.

11. An actual controversy has arisen and now exists between Cross-Complainant and the Cross-Defendants, and each of them, in that Cross-Complainant

contends that the Cross-Defendant (Plaintiff) are responsible and liable to indemnify Cross-Complainant for any and all costs and attorney fees which Cross-Complaint may expend or be liable for in defending this action brought by Plaintiff and for any amount which Cross-Complainant may be required to pay Plaintiff based upon Plaintiff's Complaint; whereas said Cross-Defendant denies all of Cross-Complainant's assertions and contentions.

12. Cross-Complainant desires a judicial determination of the respective rights and duties of Cross-Complainant and the Cross-Defendants, and each of them, with respect to the damages claims in the Complaint of the Plaintiff herein; and with respect to Cross-Complainant's right to indemnify from Cross-Defendants

13. Such a declaration is necessary and appropriate at this time in order that Cross-Complainant may ascertain his rights and duties with respect to the Plaintiff's claim in the Complaint and with respect to Cross-Complainant's rights to indemnify from Cross-Defendant; and determination of both in one proceeding is necessary and appropriate in order to avoid a multiplicity of actions that would result if Cross-Complainant is required to now defend against the claim of Plaintiff and then later bring a separate action against the Cross-Defendants, and each of them, for indemnity.

**WHEREFORE,** Cross-Complainant prays for Judgment against the cross-defendants, and each of them, as follows:

1. For a judicial determination that cross-complainant is not liable to plaintiff and Cross-Defendant JOSEPH SANCHEZ for any damages; and is not in violation of the Unruh Civil Rights Act or the Americans with Disabilities Act;

2. For a judicial determination of the comparative fault of Cross-Complainant and Cross-Defendants, and each of them, with respect to damages claimed by plaintiff, if any there are found to exist; and for a determination that the Cross-Defendants, and each of them, are 100% responsible for the damages alleged in the Plaintiff's Complaint;

3. For a declaration of the amount that the Cross-Defendants is obligated to indemnify Cross-Complainants;

4. For such other and further relief as the Court deems just and proper in the premises.

Dated: m July  15 , 2019        BRYANT & BRYANT

*/s/ Kenneth A. Bryant*
Kenneth A. Bryant, Attorneys for
Cross-Complainant, BINIT CORPORATION

CROSS-COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Bryant & Bryant, 505 North Tustin Ave., Suite 104, Santa Ana, California 92705.

On July __15__, 2019, I served the foregoing document described as

**CROSS-COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE INDEMNITY (Per C.C.P. §472**

by placing copies thereof enclosed in sealed envelopes addressed at follows:

| | |
|---|---|
| McFarlin, LLP<br>Jarred Y. Nakano, Esq.<br>4 Park Plaza, Ste. 1025<br>Irvine, CA 92614 | |
| | |

[X]   BY U. S. MAIL, postage prepaid: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date is more than one day after date of deposit for mailing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July __15__, 2019, at Santa Ana, California.

_/s/ Holly Elliott_
Holly Elliott