MCFARLIN LLP
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
JOSEPH SANCHEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SANCHEZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ARCO #42770, a business of unknown form; HOOSHANG DALAVARIAN AND FERESHTEH DALAVARIAN, as trustees of the HOOSHANG AND FERESHTEH DALAVARIAN FAMILY TRUST (CREATED BY DECLARATION OF TRUST DATED NOVEMBER 15, 1996), as their community property; and Does 1-10,<br><br>Defendants. | Case No.: 8:19-cv-00108-JVS-JDE<br><br>Judge: Hon. James V. Selna<br>Courtroom: 10C<br><br>**PLAINTIFF'S UNILATERAL RULE 26(f) REPORT**<br><br><br><br><br><br><br><br>Date Action Filed: January 22, 2019<br>Trial Date: Not Set |

**PLAINTIFF'S UNILATERAL RULE 26(f) REPORT**

Plaintiff JOSEPH SANCHEZ ("Plaintiff"), by and through his counsel, submits his unilateral Rule 26(f) Report pursuant to the Court's Order. Plaintiff's counsel has not received a response to their attempt to meet and confer with counsel for Defendants ARCO #42770; and HOOSHANG DALAVARIAN AND FERESHTEH DALAVARIAN (collectively, the "Defendants") by telephone call or by email.

**1.  JURISDICTION AND SERVICE**

It is the Plaintiff's position that the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

**2.  FACTS**

Plaintiff claims that Defendants own and operate a place of public accommodation. Under the Americans with Disability Act Accessibility Guidelines, Defendants are required to have architectural barrier free facilities for persons with disabilities. Defendants have a built-up curb ramp that projects from the sidewalk and into the accessible parking area. Additionally, the curb ramp is in excess of the 2% maximum grade allowed by the Americans with Disability Act Accessibility Guidelines.

**3. LEGAL ISSUES**

Plaintiff alleges: (1) Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.*; and (2) Violation of the Unruh Civil Rights Act, California *Civil Code* Section 51, *et seq.*

**4. MOTIONS**

Plaintiff does not anticipate any motions seeking to add other parties or claims, amend the pleadings, or transfer venues. Plaintiff is currently reviewing Defendants' Crossclaim and how best to respond.

**5. AMENDMENT OF PLEADINGS**

At this juncture, Plaintiff does not anticipate amending his pleadings.

**6. EVIDENCE PRESERVATION**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Sorted Information and is taking all reasonable steps to preserve any available evidence. Plaintiff intends to meet and confer pursuant to Fed.R.Civ.P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

Plaintiff has not been contacted by Defendants with the required disclosures.

**8. DISCOVERY**

**a. Discovery Taken to Date**

Plaintiff intends to serve written discovery as well as intends to obtain an inspection of the property to assess compliance with disability access laws.

**b. Scope of Anticipated Discovery**

Subject to any future case developments, Plaintiff anticipates discovery to center on the measurements and specifications of the curb ramp located in Defendant's parking lot.

///
///

**c. Proposed Limitations or Modifications of Discovery Rules**

At this juncture, Plaintiff does not anticipate any changes to the limitations in discovery proposed by the Federal Rule or Local Rules.

**d. Electronically Stored Information ("ESI")**

Plaintiff will meet and confer in good faith regarding a protocol for the production of ESI when discovery has opened in this matter.

**9. CLASS ACTIONS**

This matter is not a class action.

**10. RELATED CASES**

Plaintiff is not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. RELIEF**

Plaintiff is seeking an award of actual and statutory damages of not less than $4,000.00 per violation, and an additional award of deterrence damages for each violation of no less than $4,000.00. Plaintiff is also entitled to Court costs and reasonable attorney's fees.

**12. SETTLEMENT AND ADR**

Plaintiff is interested in exploring early resolution but Defendants have not provided meaningful response to any of Plaintiff's communications.

**13. OTHER REFERENCES**

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

Plaintiff agrees to work together via discovery and stipulation to attempt to narrow the issues for trial upon contact from Defendants.

**15. SCHEDULING**

Plaintiff proposes the following proposed schedule:

    i. <u>Non-Expert Discovery Cutoff</u>: October 24, 2019 (30 days prior to the

PLAINTIFF'S UNILATERAL RULE 26(F) REPORT
CASE NO.: 8:19-CV-00108-JVS-JDE

|   |   |      |                                                                                           |
|---|---|------|-------------------------------------------------------------------------------------------|
| 1 |   |      | last day to hear dispositive motions)                                                     |
| 2 |   | ii.  | <u>Disclosure of Experts</u>: November 23, 2019 (120 days before trial)                   |
| 3 |   | iii. | <u>Disclosure of Rebuttal Experts</u>: December 24, 2019 (90 days before trial)           |
| 5 |   | iv.  | <u>Expert Discovery Cutoff</u>: February 7, 2020 (45 days before trial)                   |
| 6 |   | v.   | <u>Hearing of dispositive motions</u>: November 23, 2020 (120 days before trial)          |
| 8 |   | vi.  | <u>Pretrial conference</u>: February 25, 2020 (30 days before trial)                      |
| 9 |   | vii. | <u>Trial</u>: March 23, 2020                                                              |

**16. TRIAL**

Plaintiff's trial estimate is 2 days. Plaintiff requests a jury trial. Plaintiff plans to call 3 witnesses, maybe more if discovered during the discovery process.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Other than the parties in this case, Plaintiff does of any other persons or entities that have an interest in this litigation.

**18. OTHER MATTERS**

Plaintiff is not aware of any other matters that may facilitate the just disposition of this matter.

DATED: July 22, 2019                    **MCFARLIN LLP**


By:    /s/ Jarrod Y. Nakano
       Jarrod Y. Nakano
       Attorneys for Plaintiff
       JOSEPH SANCHEZ

**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
Jarrod Y. Nakano (State Bar No. 235548)
Email: jarrod@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Plaintiff
JOSEPH SANCHEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SANCHEZ, an Individual, | Case No.: 8:19-cv-00108-JVS (JDEx) |
| Plaintiff, | |
| v. | |
| ARCO #42770, a business of unknown form; HOOSHANG DALAVARIAN AND FERESHTEH DALAVARIAN, as trustees of the HOOSHANG AND FERESHTH DALAVARIAN FAMILY TRUST (CREATED BY DECLARATION OF TRUST DATED NOVEMBER 15, 1996), as their community property; and Does 1-10, | **PROOF OF SERVICE** |
| Defendants. | |

- 1 -

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a part to the within action. I am employed in the office of a member of the bar of this court at those direction the service was made. My business address is MCFARLIN LLP, 4 Park Plaza, Suite 1025, Irvine, CA 92614. On July 22, 2019, I served the following document(s) by the method indicated below:

**PLAINTIFF'S UNILATERAL RULE 26(f) REPORT.**

X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepared, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing this document(s).

| | |
|---|---|
| ACRO #42770<br>100 N. Tustin Street<br>Orange, CA 92867 | Defendant |
| Fereshteh Dalavarian<br>100 N. Tustin Street<br>Orange, CA 92867 | Defendant |
| Hooshang Dalavarian<br>100 N. Tustin Street<br>Orange, CA 92867 | Defendant |
| Kenneth A. Bryan<br>Michael P. Bryant<br>Bryant and Bryan<br>505 N Tustin Ave Ste 104,<br>Santa Ana, CA 92705 | Attorneys for Defendant:<br>Binit Corporation |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 22, 2019, at Irvine, California.

/s/ Brian Petri
———————————
Brian Petri